J-S49001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LASHAWN D. SANDERS | |
| Appellant | No. 3521 EDA 2015 |

Appeal from the PCRA Order entered October 27, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division, at No(s): CP-51-CR-0008238-2009

BEFORE: PANELLA J., and OLSON, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY PANELLA, J.          **FILED JULY 05, 2016**

Lashawn D. Sanders ("Appellant") appeals *pro se* from the order dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history may be summarized as follows. On December 16, 2008, Appellant was arrested and charged with rape, robbery, and related offenses. Following various continuances requested by the both the Commonwealth and Appellant, as well as a mental health evaluation for Appellant and the denial of his suppression motion, Appellant pled guilty on May 27, 2011. On August 31, 2011 the trial court sentenced him, in accordance with the plea agreement, to an aggregate

_____

* Former Justice specially assigned to the Superior Court.

term of 12½ to 25 years imprisonment, followed by 15 years of probation. Appellant did not file a direct appeal.

On October 18, 2013, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed a "no-merit" letter and petition to withdraw, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), based upon PCRA counsel's conclusion that Appellant's petition was untimely. On September 14, 2015, the PCRA court issued notice of its intent to dismiss the petition without a hearing. Appellant sent his response directly to the PCRA court's chambers. The PCRA court dismissed Appellant's petition as untimely, and permitted PCRA counsel to withdraw. This timely appeal follows.

Appellant raises five issues involving trial court error, constitutional violations, or the ineffectiveness of counsel. **See** Appellant's Brief at e.- f. Before addressing them, however, we must first determine whether the PCRA court correctly concluded that Appellant's *pro se* PCRA petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an

exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *Id*., at 651-52 (citations omitted). ***See also*** 42 Pa.C.S.A. § 9545(b)(2).

Appellant's judgment of sentence became final on September 30, 2011, when the thirty-day time period for filing an appeal to this Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant needed to file the petition at issue by September 30, 2012, in order for it to be timely. As Appellant filed the instant petition over a year later, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

Within his PCRA petition, Appellant neither acknowledged the PCRA's time bar nor attempted to prove any exception thereto. Thus, the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's untimely PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/5/2016</u>